# CHARLES R. SAVAGE

## v.

## THE BOARD OF COUNTY COMMISSIONERS, etc.

1. WRIT OF CERTIORARI.—The common law writ of *certiorari* may issue to all inferior tribunals, in cases where they exceed their jurisdiction and in cases where they proceed illegally and there is no appeal or ⎽other mode of directly reviewing their proceedings.

2. MODE OF TRIAL ON CERTIORARI.—Upon *certiorari* no trial can be had on any issue of fact, hence the writ does not require a return of the evidence, or of any facts outside the record. The only trial is by inspection of the record.

3. QUASHING WRIT.—If the superior court finds from an inspection of the record that the inferior tribunal had jurisdiction and had not exceeded it, and had proceeded according to law, the writ should be quashed; but if it finds that the court had not jurisdiction, or had exceeded it, or had not proceeded according to law, it will quash the judgment and proceedings as shown by the return.

4. HIGHWAYS—REMOVING OBSTRUCTIONS.—At the time of the ¨proceedings complained of, the county commissioners' court had exclusive jurisdiction of the subject of laying out roads; all the preliminary steps were regular, and the fact that the court did not assess damages for the land taken from appellant, will not affect their proceedings.

5. LAYING OUT HIGHWAYS—ASSESSMENT OF DAMAGES.—In laying out highways, the county commissioners' court has no power to assess damages; such damages, if not agreed upon, should be assessed by three householders selected by a justice of the peace, upon application of the supervisor.

6. COUNTY COMMISSIONERS' COURT—JUDICIAL POWER.—The constitution vests in the county commissioners' court a general supervision over the public roads in their respective counties, and proceedings to establish or lay out a road, are purely judicial in their character.

7. RECOVERY OF PENALTIES FOR OBSTRUCTING ROADS.—Penalties for obstructing a highway can be recovered only by indictment, or by an action before a justice of the peace, and no authority is conferred upon the county commissioners' court to try a cause for obstructing the highway, and any attempt by such court to try such a question, is without authority and void.

APPEAL from the Circuit Court of Cass county; the Hon. CYRUS EPLER, Judge, presiding. Opinion filed January 17, 1882.

Mr. R. W. MILLS, for appellant; that in an attempt to exercise the right of eminent domain the title of the owner of land

is not divested unless every material requirement of the statute is complied with, cited C. & A. R. R. Co. v. Smith, 78 Ill. 96; Skinner v. Lake View Ave. Co. 57 Ill. 151.

The board of county commissioners has no authority to try a complaint for obstructing a highway: Rev. Stat. Chap. 121, §§ 154, 159.

The case is to be tried upon the return to the writ, and if it appears that the court had exceeded its jurisdiction, the proceedings will be quashed: The People v. Wilkinson, 13 Ill. 660; Doolittle v. G. & C. U. R. R. Co., 14 Ill. 381; C. & R. I.R. R. Co. v. Whipple, 22 Ill. 105; C. & R. I. R. R. Co. v. Fell, 22 Ill. 333.

Messrs. KETCHAM & GRIDLEY and Mr. R. R. HEWITT, for appellee; that no return of the evidence is required in *certiorari*, cited Donahue v. Will County, 100 Ill. 101.

As to the power of the county commissioners' court: Rev. Stat. 1874, Chap. 121, §§ 117, 140.

HIGBEE, P. J. This was a common law writ of *certiorari* issued from the Circuit Court of Cass county on the petition of appellant requiring appellee to cause to be certified to said court, certain proceeding of record in the office of the county clerk of said county, in reference to a supposed public highway described in said petition.

As a return to the writ, the clerk certified certain records of the county commissioners' court of said county in reference to said road, showing that a petition was presented to said commissioners' court at the March term thereof 1869, praying for the laying out and establishing said road, the order of said court appointing viewers, the report of the viewers to the June term following, and the order of said court at said term; finding all the necessary jurisdictional facts, establishing said road, and ordering the supervisor of the proper district to open the same.

Said clerk further certified as a part of his return, a copy of a petition presented to the county board at its June term, 1881, by one William A. Schæfer, reciting the proceedings aforesaid, and an order issued by the clerk of said court, August 5th,

1869, directing the supervisor of the road district in which said road was located to open the same.

Said petition further set out and averred that the petitioner was interested in said road, as the owner of land adjacent thereto; that at least one mile of the east end of said road had been opened and used as a public road for over twenty years, and that Charles R. Savage (appellant) did on the first day of June, 1880, obstruct said road by erecting gates across the same. That before putting up said gates he applied to the neighbors interested in said road and obtained their consent upon his promise that he would remove said gates as soon as he could protect his growing crops by fences.

Petitioner asked the county board to grant him relief by causing said gates to be taken down and the obstructions removed from said road.

Said return also sets out the following order from the records of the proceedings of said county board:

" In the matter of the petition of
WILLIAM A. SCHÆFFER for removal of       } June 15, 1881.
obstructions placed in county road.

" On this eighth day of June, came said Schæffer and his attorneys, and also the said Savage and his attorneys, and having heard and considered the said petition, and having heard the testimony of witnesses produced by both said Schæffer and Savage, and having heard the arguments of their respective attorneys, doth find that the part of said road which is obstructed, to wit: beginning at the northeast corner of the west half of the northwest quarter of section fourteen, township seventeen, north of range eleven, west 3d P. M. in said county, running from thence west one mile, was used by the public as a highway for more than twenty years before the obstructions complained of were placed therein. Such being the consent of the owners of the land over which said road runs.

"That in the spring of 1880, said Charles R. Savage obstructed said above described portion of said road, by building across the same two gateways.

"That he has refused to remove the same, after having been notified so to do by the proper supervisor of this county.

"Now, this 15th day of June, 1881, it is ordered by this board, that the clerk, James B. Black, issue to said supervisor of the said district in which said obstructions exist, an order to immediately remove the same from across said portion of said road, herein described."

This return was duly certified by the clerk under his seal of office.

The Circuit Court of Cass county adjudged this return to be sufficient, quashed the writ of *certiorari*, and ordered a *procedendo* to issue to the county court to proceed as required by law.

Appellant brings the cause to this court and assigns error upon the rulings of the trial court in its final orders disposing of the case.

The common law writ of *certiorari* is issued from a superior to an inferior court of record, requiring the latter to send to the former some proceedings there pending, or the record and proceedings of some cause already terminated, in cases where the procedure is not according to the course of the common law.   Bouvier's Law Dictionary.

It may issue to all inferior tribunals and jurisdictions in cases where they exceed their jurisdiction and in cases where they proceed illegally, and there is no appeal or other mode of directly reviewing their proceedings.

No trial can be had on any issue of fact, hence the writ does not require a return of the evidence or of any facts outside of the record.

The only trial is by inspection of the record, and in the case of Donahue v. Will County, 100 Ill. 101, it is said:   If the circuit court, on the return of the writ, finds from the record that the inferior tribunal had jurisdiction and had not exceeded it, and had proceeded according to law, the writ will be quashed; but, on the contrary, if the court finds that the inferior body had no jurisdiction, or had exceeded it, or had not proceeded according to law, it will quash the judgment and proceedings shown by the return.

Applying these well established rules to the record before us, we think the court did not err, as contended by appel-

lant, in refusing to quash the order of the county commissioners' court, at the June term, 1869, establishing the road in question.

At that time the county commissioners, court, in counties not under township organization, had exclusive jurisdiction over the subject of laying out new roads. Sec. 20, Chap. 93, Gross' Stat. 1868. All the preliminary steps seem to have been regular, and no objection appears to the form or substance of the final order.

The particular objection urged to this order is, that it does not show that appellant's damages were assessed, or agreed upon and released, for the land taken from him.

The commissioners, court had no power to assess the damages, nor had the viewers appointed by them, and hence the order could not show such facts.

Section 43 of the statute above referred to provided, that, when the county authorities had authorized a road to be laid out, and the commissioner, superintendent, or supervisor, authorized to construct the same could not agree with the owner of land to be taken, upon the amount of damages, he should apply to a justice of the peace of the county, who should select three householders, whose duty it should be, after taking the oath required, to assess such damages. The road could not be opened until the damages were agreed upon or assessed and paid, if objected to by the owner; but the fact that the return fails to show such proceedings, does not render the previous order of the commissioners illegal or void, and no reason appears which would authorize the court to quash it.

The proceedings before the county board in 1881, upon the petition of Schæfer, were designed to establish the road as a legal highway, either by prescription, dedication or because it had been legally laid out, and were purely judicial in their character.

The constitution of 1870 vests the judicial power of the State in certain courts therein named, and then provides, in Sec. 6, Art. 10, as follows: " At the first election of county judges under this constitution, there shall be elected in each of the counties in this State, not under township organization

three officers, who shall be styled ‘The Board of County Commissioners,’ who shall hold sessions for the transaction of county business as shall be provided by law.”

The county business referred to in this section of the constitution, is such as pertains to the county in its corporate capacity, and is clearly defined by the act of the 31st of March, 1874, Chap. 34, Rev. Stat. of 1874.

By Sec. 155, of Chap. 121, Rev. Stat. 1874, p. 939, the county boards of counties not under township organization, were vested with general superintendence over the public roads within their respective counties, and were authorized to cause new roads to be located and made, and old ones to be altered or vacated.

Penalties in the nature of fines are imposed by the statute for obstructing or continuing an obstruction in a public highway after notice to remove the same, which it is provided by Sec. 152, shall be recovered either by indictment or in an action of debt before a justice of the peace.

No authority is conferred upon the county board to try any such cause, nor could it be under the present constitution.

In the order of the board an attempt is made to determine the rights of the parties in a controversy between the public authorities of Cass county and appellant. The questions involved were whether a public highway had been legally laid out or existed by prescription or dedication, and whether appellant had been guilty of obstructing the same.

The determination of these questions required the exercise of judicial power not conferred upon the county board, and its proceedings were without authority of law and void.

If a public highway has been legally laid out and the right-of-way acquired, or if it exists by dedication or prescription, the law affords ample means for removing all obstructions in it; but appellant ought not to be prejudiced in any degree by the unauthorized order of the board.

The court erred in not quashing this order of the county board instead of the writ of certiorari.

Reversed and remanded.